ELLIS, Judge.
In this case the defendants were attempting to take the depositions of the Mayor and Board of Selectmen of the City of Plaquemine, which is a plaintiff in one of the consolidated cases. On December 9, 1977, the date of the depositions, the first witness scheduled was Mr. Russell Haydel, one of the selectmen. The attorney for defendants requested that no one be present in the room during the taking of the depositions except the witness, the court reporter, and the attorneys, with the attorney for the City to be assisted by a representative of the City. The attorney for the city was of the opinion that the mayor and all of the selectmen were entitled to remain in the room during the taking of the deposition. At that time, the taking of the deposition was recessed, and *685 the defendants filed a motion to compel the city to designate a corporate representative to remain in the room during the taking of the deposition. After argument, the court ordered that the City of Plaquemine designate a representative to appear and act for the municipal corporation during the discovery phase of the litigation and at the trial. From that judgment, the City of Plaquemine has appealed to this court.
Defendant Forte and Tablada, Inc. has moved for the dismissal of the appeal on the ground that the judgment of December 19, 1977, is interlocutory in nature and not subject to appeal. The city opposes the dismissal of the appeal on the grounds that it is permitted by R.S. 13:4431, which provides:
“In any case where any district court has granted any restraining order, preliminary injunction, permanent injunction, or other process which may restrain the execution or enforcement of any provision of the constitution or of any act, law or resolution of the legislature of Louisiana, the defendant or defendants or any person or persons affected thereby, may sus-pensively appeal the order or judgment to the court of competent appellate jurisdiction.”
They allege that, since the jnayor and board are charged by law with the care, management and control of the municipality, its property, and its finances, any attempt to exclude any of these officials from the taking of a deposition would in effect, restrain the execution or enforcement of the law, and be in violation of R.S. 13:4431.
We disagree. The circumstances under which a deposition can be taken is controlled by Article 1421 et seq., of the Code of Civil Procedure, and has nothing whatsoever to do with the care, management and control of a municipality. Under Article 1426 of the Code, the “court in the district where the deposition is to be taken may make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ” The court in this case has exercised its authority in that manner by limiting the number of representatives which the City of Plaquemine may have at the taking of depositions of the mayor and selectmen and any other witnesses who may be deposed.
Under those circumstances, the city is not entitled to a suspensive appeal under the provisions of R.S. 13:4431, and the order complained of herein is interlocutory and non-appealable.
The appeal of the City of Plaquemine is therefore dismissed and the city is to pay all costs of this appeal for which it may be liable under the law.
APPEAL DISMISSED.